IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EDWARD KOSISKI,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL RODRIGUEZ,<br><br>Defendant. | 8:16CV345<br><br>**MEMORANDUM<br>AND ORDER** |

Before the court is Plaintiff's motion for appointment of counsel or, in the alternative, motion for preliminary injunction. ([Filing No. 32](#).)

Plaintiff states that the Nebraska Department of Correctional Services ("NDCS") does not respect U.S. Supreme Court precedent on the constitutional right of access to the courts. He alleges that "NDCS prohibits prisoners from helping [him] with his legal matters and threatens to prosecute prisoners for una[u]thorized practice of law by helping plaintiff." He states that NDCS legal aides are prohibited from giving "meaningful" legal assistance. He admits that a "lay advocate" helped him write his current motion but did so under "the perils" from NDCS because, otherwise, Plaintiff would have been unable to present a "coherent" motion to the court due to his "learning, reading/comprehension disability and [inability] to read, analyze and write legal materials." Plaintiff seeks the appointment of counsel or a preliminary injunction against NDCS "from impeding [his] help from other prisoners and/or assigned legal aides," so that he can defend against Defendant's future summary judgment motion which "will require effective research and legal writing."

**Motion for Counsel**

The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel." Trial courts have "broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." *Id.* Having considered these factors, the request for the appointment of counsel will be denied without prejudice to reassertion.

**Motion for Preliminary Injunction**

In *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981), the court clarified the factors district courts should consider when determining whether to grant a motion for preliminary injunctive relief:

> (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.

*Id*. at 114. "No single factor in itself is dispositive; rather, each factor must be considered to determine whether the balance of equities weighs toward granting the injunction." *United Indus. Corp. v. Clorox Co.*, 140 F.3d 1175, 1179 (8th Cir. 1998). "At base, the question is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined. . . ." *Dataphase*, 640 F.2d at 113. The burden of proving that a preliminary injunction should be issued rests entirely with the movant. *Modern Computer Systems v. Modern Banking Systems*, 871 F.2d 734, 737 (8th Cir. 1989) (en banc). In the prison context, a request for injunctive relief must

always be viewed with great caution because "judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982).

Plaintiff alleges that NDCS has impaired his right to access to the courts because it prohibits prisoners from helping him with his legal matters, allegedly by threatening to prosecute prisoners for unauthorized practice of law and prohibiting legal aides from giving "meaningful" legal assistance. Plaintiff fails to allege any specific factual allegations to support these conclusory statements. Further Plaintiff does not claim he is wholly illiterate, *see Johnson v. Avery*, 393 U.S. 483 (1969) (invalidating regulation prohibiting prisoners from assisting each other because of its effect on illiterate inmates), and he does not claim that NDCS declines to assign him a legal aide, *who NDCS has authorized* to be a "jailhouse lawyer," or any type of other legal assistance. Prisoners do not have absolute right to a specific type of legal assistance. *See Bear v. Kautzky*, 305 F.3d 802, 806 (8th Cir. 2002) ("[T]here is no one prescribed method of ensuring inmate access to the courts. A prison system may experiment with prison libraries, jailhouse lawyers, private lawyers on contract with the prison, or some combination of these and other devices, so long as there is no actual harm to the access rights of particular inmates."); *Ramos v. Lamm*, 639 F.2d 559, 583 (10th Cir. 1980) (citing *Bounds v. Smith*, 430 U.S. 817, 830-32 (1977)).

Prisoners must demonstrate actual injury for an access-to-the-courts claim. *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996). A prisoner must show that the prison policies "hindered his effort to pursue a legal claim." *Id*. at 351. Plaintiff has filed a complaint, exhibits, an amended complaint, motions, and briefs in support of motions. NDCS has, therefore, not hindered Plaintiff's effort to pursue his legal claims. *See e.g.*, *Hartsfield v. Nichols*, 511 F.3d 826, 832 (8th Cir. 2008) (access-to-the-courts claim properly dismissed where prisoner failed to allege that he was actually prevented from filing a complaint, or a filed complaint was dismissed for lack of legal adequacy). Further, and perhaps most importantly, it is too speculative to enjoin NDCS when Plaintiff has filed multiple pleadings to date and Defendant

has not filed a summary judgment motion. *See Goff v. Harper*, 60 F.3d 518 (8th Cir. 1995) (No showing of a threat of irreparable harm where the threat of harm is too remote). In short, Plaintiff fails to make the requisite showing of a threat of irreparable harm. His motion for preliminary injunction will be denied.

IT IS THEREFORE ORDERED that: Plaintiff's motion for counsel (Filing No. 32) is denied without prejudice to reassertion. Plaintiff's motion for preliminary injunction (Filing No. 32) is denied.

Dated this 31st day of May, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge